**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1403
_____

WILLIAM ESHLEMAN,
                              Appellant

v.

PATRICK INDUSTRIES, INC.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-17-cv-004427)
District Judge: Hon. Jeffrey L. Schmehl
_____


Argued September 26, 2019

Before: SMITH, *Chief Judge*, McKEE, and PHIPPS *Circuit Judges*

(Opinion filed: May 29, 2020)

Samuel A. Dion        **[Argued]**
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
            *Counsel for Appellant*

Kenneth D. Kleinman
Stevens & Lee
1818 Market Street
29th Floor
Philadelphia, PA 19103

Theresa M. Zechman        **[Argued]**
Stevens & Lee
51 South Duke Street
P.O. Box 1594
Lancaster, PA 17602
            *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

McKEE, *Circuit Judge*

William Eshleman appeals the District Court's grant of Patrick Industries' Rule 12(b)(6) motion to dismiss the suit Eshleman filed after Patrick Industries fired him. Eshleman claimed that Patrick Industries regarded him as disabled in violation of the Americans with Disabilities Act of 1990 (the

ADA)[1] because he took two months of medical leave for a lung biopsy procedure and two vacation days for an upper respiratory infection.  The District Court held that the ADA did not cover Eshleman's "regarded as" claim because his impairment lasted less than six months and was therefore "transitory and minor."  As we explain in more detail below, because the District Court did not conduct an independent analysis into whether Eshleman's impairment was minor, apart from whether it was transitory, we will reverse and remand for further proceedings.

## I. BACKGROUND

*A. Facts*

According to the First Amended Complaint,[2] Eshleman started working as a truck driver for Patrick Industries in July 2013.[3] Between October 14, 2015 and December 14, 2015, Eshleman took medical leave to undergo surgery to remove a nodule from his left lung.[4] He told his supervisor that the nodule had to be removed and tested for cancer.[5] After two months of medical leave, Eshleman returned to work in his full capacity, without restrictions.[6] However, about six weeks later, Eshleman suffered a severe

---

[1] 42 U.S.C. § 12101 et seq.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'") (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1 (2002)).

[3] A26.

[4] A27.

[5] *Id.*

[6] *Id.*

respiratory infection lasting from January 27, 2016 until January 31, 2016.[7] His supervisor approved two vacation days during this time.[8] With his physician's approval, Eshleman returned to work in his full capacity on February 1, 2016.[9] At the end of his shift on his second day back, Patrick Industries fired him.[10]

The Superintendent where Eshleman worked told Eshleman he was terminated due to "performance issues."[11] However, Eshleman reminded the Superintendent that his performance review from early January 2016 had been excellent, with all 4.5's and one five out of a possible five in each category evaluated.[12] Thereafter, the Superintendent claimed that Eshleman was fired because he had not called out sick during his recent leave for the upper respiratory infection.[13] Later, Eshleman learned that the reason for his termination had been changed yet again and the employer was claiming he had been fired for "behavioral issues."[14]

As we noted at the outset, Eshleman sued Patrick Industries alleging that the real reason for his termination was that he was regarded as disabled in violation of the ADA and that the shifting reasons for his termination were merely a pretext for illegal disability discrimination.[15] According to

---

[7] *Id.*

[8] *Id.* January 30 and 31 may not have not counted as workdays as they fell on a Saturday and Sunday.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] A28.

[15] *Id.*

Eshleman, Patrick Industries fired him because they "perceived that [Eshleman] suffered from [a] long-term or chronic medical condition which would affect his attendance in the future, like it had in the immediate past, due to what they perceived as continuing medical issues."[16] He claims that Patrick Industries, based solely on his recent record of medical issues and the resulting nine-and-a-half weeks of work that he missed in a fifteen week period because of his lung biopsy and respiratory infection, concluded that he "was unreliable, a liability, and unable to perform a wide range of jobs."[17]

### B. The ADA

The Americans with Disabilities Act of 1990 prohibits covered entities from discriminating against qualified employees based on their disabilities.[18] To state a claim under the ADA, a plaintiff must demonstrate: "(1) [s/]he is a disabled person within the meaning of the ADA; (2) [s/]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s/]he has suffered an otherwise adverse employment decision as a result of discrimination."[19] For the purposes of the ADA, plaintiffs are disabled if they: (1) have

---

[16] *Id.*

[17] *Id.*

[18] 42 U.S.C. § 12112; *see also Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 755 (3d Cir. 2004), *superseded on other grounds by statute*, ADA Amendments Act of 2008, Pub. L. No. 110-325, § 6, 122 Stat. 3553, 3558.

[19] *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

"a physical or mental impairment that substantially limits one or more" of their "major life activities"; (2) have "a record of such an impairment"; or (3) are "regarded as having such an impairment."[20]

Eshleman claims that Patrick Industries fired him because the company regarded him as disabled in violation of 42 U.S.C. § 12102(1)(C) based on his medically required absences. A plaintiff states a "regarded as" claim if s/he "establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."[21] An employer regards a person as disabled when it "misinterpret[s] information about an employee's limitations to conclude that the employee is incapable of performing" his or her job requirements.[22] The ADA includes "regarded as" claims because being perceived as disabled "may prove just as disabling" to a person as another type of physical or mental impairment.[23]

However, the ADA limits "regarded as" claims by excluding "impairments that are transitory and minor."[24] Accordingly, if the perceived disability is "transitory and minor," a plaintiff cannot state a "regarded as" discrimination

---

[20] 42 U.S.C. § 12102(1).

[21] 42 U.S.C. § 12102(3)(A).

[22] *Ross v. Kraft Foods N. Am., Inc.*, 347 F. Supp 2d. 200, 204 (E.D. Pa. 2004) (citing *Rinehimer v. Cemocolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002)).

[23] *Williams*, 380 F.3d at 774.

[24] 42 U.S.C. § 12102(3)(B).

claim.[25] The ADA defines "transitory" as "an impairment with an actual or expected duration of 6 months or less," but does not define "minor."[26] The District Court concluded that the face of Eshleman's complaint fell within this exception and therefore dismissed his suit under Federal Rule of Civil Procedure 12(b)(6).

The District Court relied on "the temporal proximity between Mr. Eshleman's medical absences and his termination…to support an inference that Patrick Industries regarded [him] as disabled" and concluded that Eshleman sufficiently pled a "regarded as" claim under the ADA.[27] Nevertheless, the court dismissed the complaint with leave to amend for failure to state a claim because the court held that the "[c]omplaint lacks any proof that his surgery and severe

---

[25] A22. *See also Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) ("While ordinarily a party may not raise affirmative defenses at the motion to dismiss stage, it may do so if the defense is apparent on the face of the complaint") (internal citations omitted). Following the EEOC's lead, our caselaw has sometimes described the limitation on "transitory and minor" impairments as an "affirmative defense." *Id.* (citing 29 C.F.R. § 1630.15(f)). We think this is imperfect shorthand, since the statutory text demands a non-transitory or non-minor perceived impairment for regarded-as claims. Put differently, a regarded-as plaintiff alleging a transitory and minor impairment has failed to state a legally sufficient claim, even if the employer does not include a transitory and minor defense in its Answer.
[26] 42 U.S.C. § 12102(3)(B).
[27] A25.

7

upper respiratory infection were anything but transitory and minor."[28]

The Amended Complaint included additional information about the nature and purpose of Eshleman's medical leave but did not negate the transitory and minor exception. Accordingly, the District Court granted Patrick Industries' motion to dismiss the First Amended Complaint.[29] In doing so, it reiterated that Eshleman had pled a plausible "regarded as" claim. However, relying upon our decision in *Budhun v. Reading Hospital and Medical Center*,[30] the District Court held that Eshleman's alleged impairment was objectively transitory and minor because "the actual or expected duration…lasted less than six months."[31] This appeal followed.[32]

## II.    DISCUSSION

Eshleman argues that the District Court committed two errors in dismissing his complaint. He alleges that the District Court failed to consider whether his actual impairment—lung surgery to remove a nodule and test it for cancer—was non-minor.[33] He also claims the District Court

---

[28] *Id.*

[29] A6.

[30] 765 F.3d 245 (3d Cir. 2014).

[31] A14.

[32] The District Court had jurisdiction over Eshleman's ADA claim pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1291, we exercise plenary review of the District Court's grant of a motion dismiss. *See Finkelman v. Nat. Football League*, 877 F.3d 504, 510 (3d Cir. 2017); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 601 (3d Cir. 2015).

[33] Pet. Br. at 6.

failed to address whether the impairment that Patrick Industries perceived—described in Eshleman's complaint as "continuing medical issues"—was transitory and minor.[34] We agree that the issue of whether an impairment is "minor" is a separate and distinct inquiry from whether it is "transitory." We will therefore reverse and remand to the District Court to consider whether Eshleman's impairment is minor based upon the allegations in his complaint.

*A. Pleading Standard*

At the motion to dismiss stage, before the plaintiff has had the benefit of discovery, all that is required is "a short and plain statement of the claim showing the pleader is entitled to relief."[35] However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] A claim is plausible when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37]

As noted earlier, the District Court held that Eshleman pled sufficient facts to state a "regarded as" claim under the ADA. That determination is not challenged on appeal; therefore, we address only whether Eshleman's complaint sufficiently alleges a regarded-as impairment that is not transitory and minor.

---

[34] *Id.* at 7.

[35] Fed. R. Civ. P. 8(a)(2).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

[37] *Id.; see also Burtch v. Milberg Factors*, 662 F.3d 212, 220-21 (3d Cir. 2011).

*B. Transitory and Minor*

While Eshleman concedes that his actual impairments—surgery to remove a nodule from his lung and a severe upper respiratory infection—were transitory because they lasted less than six months, he argues that the District Court was nonetheless required to separately evaluate whether his impairment was "minor." We agree.

In carving out "transitory and minor" impairments from "regarded as" claims, the ADA specifically defines "transitory" as "an impairment with an actual or expected duration of 6 months or less."[38] The ADA does not, however, apply this definition to minor. While the statute is silent on the meaning of "minor," the ADA regulations clearly state that an employer must establish that the perceived impairment is objectively *both* transitory and minor.[39] 29 C.F.R. § 1630.15(f) states: "To establish this defense, a covered entity must demonstrate that the impairment is *both* 'transitory' and 'minor.' Whether the impairment at issue is or would be 'transitory and minor' is to be determined objectively."[40]

The regulations, like the statute, define "transitory" as "lasting or expected to last six months or less" but similarly do not extend this definition to "minor."[41] In addition, the regulations refer to the time limitation as "[t]he six-month 'transitory' part of the 'transitory and minor' exception," making absolutely clear the distinction between "transitory" and "minor."[42] It is therefore clear under the ADA regulations

---

[38] 42 U.S.C. § 12102(3)(B).

[39] 29 C.F.R. § 1630.15(f).

[40] *Id.* (emphasis added).

[41] *Id.* ("For purposes of this section, 'transitory' is defined as lasting or expected to last six months or less.").

[42] 29 C.F.R. § 1630.2 (j)(ix).

that "transitory" is just one part of the two prong "transitory and minor" exception.

The Equal Employment Opportunity Commission's interpretive guidance provides further justification for treating transitory and minor as separate and distinct components of the "transitory and minor" exception.[43] The EEOC once again states that the "transitory and minor" exception requires a showing that the impairment is *both* transitory and minor, and clarifies that the six-month time limit applies only to the "transitory" prong of the exception.[44] Furthermore, the EEOC provides the following illustration distinguishing between transitory and minor impairments:

> For example, an individual who is denied a promotion because he has a minor back injury would be "regarded as" an individual with a disability if the back impairment lasted or was expected to last more than six months. Although minor, the impairment is not transitory.[45]

---

[43] *Interpretive Guidance on Title I of the Americans with Disabilities Act*, 29 C.F.R. Pt. 1630, App. (2016).

[44] *Id*. at App. § 1630.15(f) ("[The ADA] explains that an individual cannot be 'regarded as having such an impairment' if the impairment is both transitory (defined by the ADAAA as lasting or expected to last less than six months) and minor."). In another section, the EEOC explains that "the regulations provide an exception to coverage under the 'regarded as' prong where the impairment on which a prohibited action is based is both transitory (having an actual or expected duration of six months or less) and minor." *Id.* at App. § 1630.2(I).

[45] *Id*.

11

According to the EEOC, the minor back injury lasting longer than six months is not "transitory and minor" because it meets only the "minor" prong of the exception but is not transitory. The converse must also be true; an impairment that is transitory because it lasts less than six months but is objectively non-minor must also fall outside the "transitory and minor" exception.

Finally, excluding only impairments that are *both* transitory and minor is consistent with Congress' intent to *expand* ADA coverage through the ADA Amendments Act of 2008.[46] As the House Judiciary Committee Report on the ADAAA explains, when including "regarded as" claims under the ADA "Congress did not expect or intend that this would be a difficult standard to meet."[47] The Report further explains that the "transitory and minor" exception was intended to weed out only "claims at the lowest end of the spectrum of severity," such as "common ailments like the cold or flu," and that the exception "should be construed narrowly."[48] Treating transitory and minor as separate and distinct elements is therefore consistent with the intent to afford broad coverage under the "regarded as" provision.

The District Court relied heavily on our decision in *Budhun* to justify dismissing Eshleman's claim. However, the District Court's analysis improperly conflated "transitory" and "minor" by mechanically applying the six-month limitation for "transitory" claims to the definition of

---

[46] H.R. Rep. No. 110–730 pt. 2, at 5 (2008) ("The purpose of [the ADAA] is to restore protection for the broad range of individuals with disabilities as originally envisioned by Congress").

[47] *Id.* at 17.

[48] *Id.* at 18.

"minor."[49] In *Budhun*, we held that an employee's broken pinky finger, which resulted in her losing the use of three fingers for two months, was objectively transitory and minor.[50] Budhun broke the bone connecting her wrist to her pinky finger and that finger was taped to her adjoining ring and middle fingers in order to stabilize it.[51] Despite her broken finger, Budhun insisted that she could nevertheless still perform her primary work function of typing, just "'not as fast as [she] used to . . .'"[52] Her treating physician initially estimated that Budhun's "period of incapacity [would be] '08/02/10 – 08/16/10'" or fourteen days.[53] Thus, on its face, given Budhun's own account of her injury and request for leave and her physician's initial estimate of the amount of time required for full recovery and return to work with no restrictions, her injury could fairly be deemed to be both transitory and minor.

Budhun alleged, and her employer perceived, "a broken bone in her hand and nothing more," and Budhun conceded the lost use of her fingers was only temporary.[54] Thus, the temporary nature of a broken pinky finger served as a proxy for the lack of severity. Although our discussion in *Budhun* could be read as suggesting any impairment with an

---

[49] A14 ("[T]he actual or expected duration of Mr. Eshleman's impairment lasted less than six months making it transitory and minor."); Resp. Br. at 9 ("Transitory and minor impairments are defined as those with an expected duration of six months or less.").

[50] *Budhun*, 765 F.3d at 259-60.

[51] *Id.* at 248.

[52] *Id.*

[54] *Id*. at 249.

[54] *Id.* at 259-60.

"actual or expected duration of six months or less" is necessarily "transitory and minor," the discussion must be viewed in the context of Budhun's objectively non-serious pinky injury, as well as the allegedly short recovery time. Accordingly, *Budhun* should not be interpreted as imposing a rigid six-month-or-more requirement on establishing "regarded as" claims.

Consequently, the District Court erred by not considering whether Eshelman's impairment was objectively minor separately from whether it was transitory. The term "minor" is not defined in statute, and instead of formulating a broad definition of that term, courts have approached the issue on a case-by-case basis. Here, the District Court should have considered such factors as the symptoms and severity of the impairment, the type of treatment required, the risk involved, and whether any kind of surgical intervention is anticipated or necessary—as well as the nature and scope of any post-operative care. A broken pinky finger, treated with a splint, is hardly comparable to surgically removing a lung nodule. The latter involves surgery on a vital organ (which is, by definition, an invasive procedure) and all the risks and post-operative care this inevitably entails. And that is true even if the impairment has an anticipated recovery time of two months and is therefore "transitory." Because even minimally invasive lung surgery is still thoracic surgery, more than likely requiring inpatient care, it is plausible that Eshleman's lung surgery was non-minor.

Moreover, Eshleman's case is further distinguishable from *Budhun*, because there it was "abundantly clear that [the employer] considered Budhun to have a broken bone in her hand and nothing more."[55] In contrast, Eshleman alleges that

---

[55] *Id.* at 259.

14

Patrick Industries perceived his recent medical issues to signify an on-going health condition.[56] We noted in *Budhun* that "[n]owhere in the complaint does Budhun allege that [her employer] thought her injury was anything other than a broken fifth metacarpal."[57] Eshleman's complaint, on the other hand, alleges that it was the lung surgery coupled with a severe respiratory infection – close-in-time ailments affecting the same system of the body – that led to his employer to perceive him as disabled. That situation is unlike the employer in *Budhun*, who thought the employee would be fully recovered in less than two months.[58] We therefore disagree with the District Court's contention that "nowhere does Mr. Eshleman plead Patrick Industries understood his impairment to be anything other than a one-time surgery . . ."[59] Eshleman's complaint contains plausible allegations that Patrick Industries regarded his series of recent medically-related absences as signs of a continuing medical condition that essentially rendered him damaged goods and therefore unemployable. The District Court failed to evaluate whether

---

[56] A28.

[57] *Budhun*, 765 F.3d at 260.

[58] In disagreeing with this statement, we do not suggest that "a one-time surgery" is inevitably minor. The severity of the underlying disability cannot depend upon the frequency of the required surgical intervention.  We do not need expert testimony to appreciate that a very serious medical condition may nevertheless require only a single surgical procedure. Organ transplants are, perhaps, the best example of this.

[59] A13.

15

Eshleman's *perceived* chronic medical condition, distinct from his lung surgery, was objectively transitory and minor.[60]

Patrick Industries points to several instances where district courts have found that impairments allegedly similar to Eshleman's lung surgery were "transitory and minor," none of which we find persuasive.[61] Not only are these unreported and mainly out-of-Circuit cases not binding on this Court, they also largely fail to make distinct findings about whether the impairments are both "transitory" and "minor."[62] In

---

[60] *See* 29 C.F.R. Pt. 1630, App. at § 1630.2(I) (2016) ("[A]n employer that terminated an employee with an objectively 'transitory and minor' hand wound, mistakenly believing it to be symptomatic of HIV infection, will nevertheless have 'regarded' the employee as an individual with a disability, since the covered entity took a prohibited employment action based on a perceived impairment (HIV infection) that is not 'transitory and minor.'); *see also* H.R. Rep. No. 110–730 Pt. 2, at 17 (2008) ("This third, 'regarded as,' prong was meant to express Congress's understanding that unfounded concerns, mistaken beliefs, fear, or prejudice about disabilities are just as disabling as actual impairments and its corresponding desire to prohibit discrimination founded on such concerns or fears.").

[61] Resp. Br. at 19-20.

[62] *Bachir v. Suburban Collection Imported Cars, LLC,* No. 17-13323, 2018 WL 4637324, at *7 (E.D. Mich. Sept. 27, 2018) ("To qualify as a disability under the regarded-as-disabled prong of the ADA, a condition must last more than six months . . . Plaintiff has not alleged, much less produced evidence sufficient to show, that the mass on his throat afflicted him for more than six months."); *Santiago v. Urology Grp. of Princeton, P.A.,* No. 3:17-CV-4927, 2018 WL 3472629, at *3 (D. N.J. July 19, 2018) (finding that

contrast, the Court of Appeals for the Seventh Circuit in *Silk v. Board of Trustees, Moraine Valley Community College* made clear that the limitation on impairments lasting or expected to last less than six months applies to "transitory," whereas the statute leaves "minor" undefined.[63] There, the Seventh Circuit found that "a heart condition severe enough to require triple bypass surgery" was not on its face both transitory and minor.[64] Consistent with the language and

fifteen weeks of medical leave for spinal surgery "falls short of the six months necessary to show an injury is not objectively 'transitory and minor' . . ."); *Weisel v. Stericycle Commc'ns Sols.,* No. 3:13-CV-3003, 2015 WL 390954, at *10 (M.D. Pa. Jan. 28, 2015) ("Plaintiff's release to return to work two weeks after surgery is evidence that her condition was minor and of limited duration."); *Butler v. Advance/Newhouse P'ship*, No. 6:11-CV-1958-ORL-28GJK, 2013 WL 1233002, at *8 (M.D. Fla. Mar. 26, 2013) (finding that back surgery and recovery time is "transitory and minor" because "[t]here is no evidence that anyone . . . expected the duration of any impairment to be more than six months . . . "); *Neumann v. Plastipak Packaging, Inc.,* No. 1:11-CV-522, 2011 WL 5360705, at *11 (N.D. Ohio Oct. 31, 2011) (finding that surgery for back and leg pain is "transitory and minor" because plaintiff "has not offered any evidence to indicate that the actual or expected duration of his surgery recuperation was greater than sixth months . . .").
[63] 795 F.3d 698, 706 (7th Cir. 2015).
[64] *Id.* at 707-08; s*ee also Mesa v. City of San Antonio,* No. SA-17-CV-654-XR, 2018 WL 3946549, at *12, *18 (W.D. Tex. Aug. 16, 2018) (explaining that "[t]he regulations and EEOC guidance indicate that 'transitory' and 'minor' are separate and distinct requirements" and holding that "[e]ven

intent of the ADA and its implementing regulations, the Court treated "transitory" and "minor" as separate and distinct inquiries required to meet the "transitory and minor" exception to "regarded as" claims.[65]

<hr/>

assuming that [plaintiff]'s perceived shoulder injury was transitory, [defendant] has not conclusively shown that it was minor" where the injury required transport to the emergency room by ambulance, treatment with prescription pain medications, and injury-related work restrictions on climbing, reaching, and lifting); *Bush v. Donahoe*, 964 F. Supp. 2d 401, 422-23 (W.D. Pa. 2013) (evaluating the treatment and symptoms, ability to perform work duties, and restrictions and limitations on activity to determine a sprained ankle/foot is objectively minor because, although a sprained ankle/foot requiring a walking cast is transitory because it heals in less than six months, "[t]hat does not end the inquiry. . . . as Defendant must also show that [plaintiff's] impairment was minor."); *Davis v. Vermont, Dep't of Corr.,* 868 F. Supp. 2d 313, 327 (D. Vt. 2012) ("In addition, Defendant is unable to show from the face of the Second Amended Complaint that the impairment was minor. Accordingly, Defendant at this stage of the case cannot sustain the defense that the perceived impairment is both transitory and minor."); *Mayorga v. Alorica, Inc.,* No. 12-21578-CIV, 2012 WL 3043021, at *9 (S.D. Fla. July 25, 2012) (declining to dismiss plaintiff's claim based on pregnancy complications as "transitory and minor" because whether the impairment "was 'minor' presents a . . . question of fact that is not properly resolved on a motion to dismiss. It cannot be determined from the face of the Complaint, nor the record as it currently stands, whether [plaintiff]'s impairment was minor.").
[65] *Silk*, 795 F.3d at 706-07.

Here, especially at the pleading stage, Eshleman's allegations, which are premised not only on the lung surgery but also on a close-in-time subsequent ailment affecting the same system of the body, plausibly plead a non-minor perceived impairment.

### III.    CONCLUSION

For the foregoing reasons, we will reverse District Court's judgment dismissing Eshleman's regarded as claim under the ADA and remand for further proceedings consistent with this opinion.