**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3129
_____

MICHAEL WIGGINS,

Appellant

v.

ALBERT EINSTEIN MEDICAL CENTER;
MARK WILHELM, Director of Security; LOREN MARGOTT,
Human Resources; CARLA BRYANT, Employee Relations
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02656)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2022
Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: April 22, 2022)
_____

OPINION[*]
_____

PER CURIAM

Michael Wiggins appeals from the order of the District Court dismissing his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

amended complaint under Fed. R. Civ. P. 12(b)(6).  We will affirm in part, vacate in part, and remand for further proceedings.

## I.

Wiggins was employed by the Albert Einstein Medical Center as a Protective Services Officer from April 4, 2016, until his termination on March 6, 2018.  Thereafter, he filed pro se a complaint and then an amended complaint against Einstein and three of its employees.  Wiggins concedes that none of his claims properly lies against the employees, so we address only his claims against Einstein.

Wiggins asserted three such claims.  First, he claimed that Einstein terminated him in violation of Title VII of the Civil Rights Act of 1964.  Second, he claimed that his termination was wrongful under principles of promissory estoppel.  Third, he claimed that his termination was in breach of an implied employment contract.  Wiggins's second and third claims relied on Pennsylvania state law.

Einstein filed a motion to dismiss Wiggins's amended complaint under Rule 12(b)(6).  The District Court granted that motion and dismissed his amended complaint without leave to amend.  Wiggins appeals.[1]

## II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the dismissal of a complaint under Rule 12(b)(6).  See Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014). To survive dismissal on the merits, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Eshleman v. Patrick Indus., Inc., 961 F.3d 242, 247 (3d Cir. 2020) (quotation marks omitted).

On appeal, Wiggins concedes that his claim of promissory estoppel fails as a matter of law for the reasons explained by the District Court. We thus will affirm the dismissal of that claim. We also will affirm the dismissal of Wiggins's breach-of-contract claim substantially for the reasons explained by the District Court.[2] But we will vacate the dismissal of Wiggins's Title VII claim and remand for further proceedings.

Wiggins alleged that Einstein violated Title VII by terminating him in retaliation for filing a formal complaint of racial discrimination with its human resources department. Einstein did not move to dismiss this claim on the merits, and the District Court did not address them. Instead, Einstein argued that Wiggins's Title VII claim is untimely because he did not file his complaint within 90 days of receiving a right-to-sue letter on this claim from the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C. § 2000e-5(f)(1).[3] The District Court agreed and dismissed this claim on that basis.

---

[2] The court dismissed this claim because it concluded that (1) Wiggins did not plausibly allege the existence of an employment contract, and (2) even if he had, he alleged only a contract to employ him for a reasonable period of time and Einstein employed him for a reasonable period of time. Wiggins has not challenged the second of these independently dispositive rulings. In any event, we agree that Wiggins did not allege anything suggesting that Einstein—in contrast to the express at-will employment language contained in the offer letters attached to Wiggins's amended complaint—undertook a contractual duty to employ him for longer than it did, if at all. See, e.g., Schoch v. First Fid. Bancorp., 912 F.2d 654, 659-60 (3d Cir. 1990) (summarizing circumstances held not to rebut Pennsylvania's strong presumption of at-will employment).

[3] Einstein attached this letter to its motion to dismiss. Wiggins did not challenge Einstein's reliance on that letter before the District Court and has not challenged the District Court's reliance on that letter on appeal. Thus, we will assume that the court properly considered it at the Rule 12(b)(6) stage. Cf. Schmidt, 770 F.3d at 249-50.

That ruling was premature.  The 90-day period under § 2000e-5(f)(1) is akin to a statute of limitations and is subject to equitable tolling.  See Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Statutes of limitations are affirmative defenses that are not grounds for a Rule 12(b)(6) dismissal unless untimeliness is apparent on the face of the complaint.  See Schmidt, 770 F.3d at 249.  And "[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense."  Id. at 248.

Wiggins, in response to Einstein's motion, argued that his non-compliance with the 90-days deadline should be excused for equitable reasons.[4]  In particular, he argued that he could not file suit within the 90-day period because he was out of town during that entire period, and he submitted evidence to that effect.  (Wiggins also has asserted other equitable considerations on appeal.)  The District Court, however, did not address whether those circumstances warranted tolling of the 90-day period.  To the contrary, its order does not reflect awareness that the 90-day period can be tolled.[5]

---

[4] Wiggins also argued that this claim was timely because he filed it within 90 days of receiving a second right-to-sue letter.  The District Court rejected that argument because Wiggins's second right-to-sue letter was not related to the retaliation claim alleged in his complaint.  Wiggins concedes the correctness of that ruling.

[5] Neither Einstein nor the District Court mentioned equitable tolling.  Instead, Einstein advised the court only that the 90-days deadline is "strictly construed" (ECF No. 17-1 at 4), and the court concluded without explanation that Wiggins's "absence [from town] does not relieve me of my obligation to strictly construe the 90-day limitation" (ECF No. 26 at 7).  But we have specified that the 90-day period "is strictly construed" to require dismissal only "in the absence of some equitable basis for tolling[.]"  Burgh, 251 F.3d at 470 (emphasis added).  The court did not acknowledge the availability of equitable

Wiggins ultimately will bear the burden of showing that equitable tolling is warranted, See D.J.S.-W. ex rel. Stewart v. United States, 962 F.3d 745, 755 n.9 (3d Cir. 2020), and his arguments thus far might not be enough to carry it.[6] "However, while a court may entertain a motion to dismiss on statute of limitations grounds, it may not allocate the burden of invoking [equitable tolling[7]] in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." Schmidt, 770 F.3d at 251 (internal citation omitted). Holding Wiggins to a burden on the equitable-tolling issue at this stage would "effectively

tolling. Wiggins did not use the words "equitable tolling" either, but his arguments were relevant to that issue and his pro se status triggered a duty to "liberally construe his pleadings" and "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). For the same reason, we conclude that Wiggins has properly raised the issue of equitable tolling on appeal even though he has framed his arguments in terms of "good cause" for a filing extension under Fed. R. Civ. P. 6(b)(1), which is inapposite in this context.

[6] Wiggins asserts, inter alia, that he was out of town (for what he variously describes as personal, family, and medical reasons) when the EEOC letter arrived at his residence and for the entire 90-period thereafter. He further asserts that this circumstance prevented him from filing suit within the 90-day period. But equitable tolling typically requires the plaintiff to show that he or she exercised due diligence in the face of some extraordinary obstacle to filing. See D.J.S.-W., 962 F.3d at 749-50. Wiggins, who knew that he had filed an EEOC charge before he left town, has not alleged any circumstances that might have prevented him from monitoring his mail or contacting the EEOC during that time. Nevertheless, it is premature to hold Wiggins to his burden on equitable tolling at this stage as discussed herein. We note that Wiggins requires some additional period of tolling because, as the District Court also noted, he filed his complaint more than 300 days after returning. Wiggins argues on appeal that this period too should be tolled because, after he returned, the EEOC erroneously advised him that he could revive the 90-day period by filing a second charge. The District Court can consider Wiggins's assertions regarding his dealings with the EEOC as may be appropriate on remand.

[7] Schmidt addressed the discovery rule, but its discussion applies equally to the issue of equitable tolling.

require[] [him] to plead around an affirmative defense in his complaint, which is inconsistent with Rule 8 and Rule 12(b)(6)[.]" Id. at 252. Thus, the timeliness of Wiggins's Title VII claim cannot be resolved on the face of his amended complaint, and we will vacate the dismissal of this claim for this reason. We express no opinion on whether equitable tolling is warranted or on the merits of this claim.

### III.

For these reasons, we will affirm the District Court's judgment to the extent that it dismissed Wiggins's claims of promissory estoppel and breach of contract, but we will vacate the judgment to the extent that it dismissed his Title VII claim and will remand for further proceedings on that claim. Wiggins's request for injunctive relief in his amended reply brief is denied.[8]

---

[8] Wiggins asks that, in light of his dealings with the EEOC, we compel the EEOC to deem withdrawn the charge that led to his first right-to-sue letter. That request is not properly made in a brief on appeal (let alone against a non-party). Once again, the District Court can consider Wiggins's assertions regarding his dealing with the EEOC as may be appropriate on remand.