**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2928
_____

LEONARD N. BARSODY,
                                      Appellant

v.

CLEARFIELD AREA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-00091)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed June 5, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Leonard N. Barsody, proceeding pro se, appeals an order of the United States

District Court for the Western District of Pennsylvania granting defendant's motion to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Barsody filed a complaint against Clearfield Area School District, seeking compensatory and punitive damages for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Dkt. No. 1. Barsody alleged that, because of a disability, employees of the School District harassed him, discriminated and retaliated against him, subjected him to a hostile work environment, and constructively discharged him from his position as a high school physics teacher. Id. at 20-23. The School District moved to dismiss the complaint for failure to state a claim, and the District Court granted the motion, with leave to amend his hostile work environment and discrimination claims. Dkt. Nos. 9 & 18. Barsody timely appealed, then filed a notice of intention to stand on his complaint. Dkt. Nos. 23 & 25.

We have jurisdiction under 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We exercise de novo review over the District Court's grant of a motion to dismiss. Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On appeal, Barsody challenges the District Court's rulings that he failed to plausibly allege that he is a person with a disability under the ADA and failed to exhaust his constructive discharge and retaliation claims prior to filing a lawsuit. C.A. Dkt. No.

2

12 at 18-20 & 30-33.  He also argues that the District Court improperly refused to consider 75 exhibits he filed in response to the School District's motion to dismiss.  Id. at 20-22.  However, we agree with the District Court.

To present a claim of discrimination or hostile work environment under the ADA, a plaintiff must demonstrate that he is a person with a disability according to the ADA.  See Eshleman v. Patrick Indus., Inc., 961 F.3d 242, 245 (3d Cir. 2020); Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 667 (3d Cir. 1999).  Barsody asserted that he qualifies as a person with a disability under the ADA because, inter alia, he experienced alcoholism in 2012, was treated at an inpatient psychiatric ward for short periods in 2012 and 2013, and, until 2018, was prescribed medication that "helped him maintain a normal work/sleep cycle[.]"  Dkt. No. 1 at 3-4 & 12.  The District Court correctly determined that this "brief description of his disability" was insufficient to allow the Court to conclude he had a disability under the ADA.  Dkt. No. 18 at 17-18; see Emory v. AstraZeneca Pharms. LP, 401 F.3d 174, 179-80 (3d Cir. 2005) (explaining that, under the ADA, a disability "substantially limits one or more . . . major life activities"); Tice v. Centre Area Transp. Auth., 247 F.3d 506, 513 n.5 (3d Cir. 2001) ("[A] particular diagnosis, no matter how severe (or severe-sounding to the layperson), standing alone, is not sufficient to establish 'disability.'").  Although the District Court properly provided Barsody the opportunity to provide further facts to support a finding of disability under the ADA, Dkt. No. 18 at 18, Barsody explicitly stated that he did not want to amend his complaint, Dkt. No. 25 at 1.

3

The District Court also correctly concluded that Barsody failed to exhaust his constructive discharge and retaliation claims. Before bringing suit under Title VII of the ADA in federal court, Barsody was required to first file a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. See Hicks v. ABT Assocs. Inc., 572 F.2d 960, 963 (3d Cir. 1978). Barsody filed an EEOC charge on February 23, 2021, stating that the School District discriminated against him based on disability, and he received a right-to-sue letter on February 24, 2021.[1] Dkt. No. 1-1 at 2-3. Barsody's EEOC charge did not include the facts giving rise to the constructive discharge claim in his District Court complaint, including that, in April 2021, he exhausted his paid sick leave days, was placed on unpaid leave, and lost his employee benefits. See Dkt. No. 1 at 20. Accordingly, his EEOC charge did not encompass the constructive discharge claim. See Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) ("[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination[.]").

To the extent Barsody made a retaliation claim against the School District based on its directive that he complete an independent medical examination after he asked for a written update on his employment status, he also failed to exhaust that claim. Barsody's

---

[1] As the District Court correctly noted, although Barsody filed a second EEOC charge against the School District in March 2021, that charge was still pending at the time he filed his federal lawsuit. See Dkt. No. 1 at 3; Dkt. No. 18 at 5 n.1. Accordingly, any claims included in the second charge were unexhausted for the purposes of the suit. See Hicks, 572 F.2d at 963.

4

EEOC charge referenced neither the request for a written update nor the alleged retaliatory action. See Dkt. No. 1-1 at 2. On the contrary, the subject of Barsody's EEOC charge, his placement on paid administrative leave, began two weeks before he requested a written statement about his employment. Dkt. No. 1 at 13-15. Accordingly, the retaliation claim was unexhausted. See Simko v. U.S. Steel Corp., 992 F.3d 198, 209 (3d Cir. 2021) (explaining that courts must consider "whether the claim arises from the same set of facts that support the original charge" in "determining whether a claim fairly or reasonably falls within the investigation arising from a charge").

Finally, the District Court correctly refused to consider the numerous exhibits Barsody filed in response to the School District's motion to dismiss. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). As stated, the District Court properly allowed Barsody to amend his complaint, which he opted not to do.

We will affirm the judgment of the District Court.

5